CLARK *vs.* STORRS.

Where a declaration in an action of nuisance brought under 2 *R. S.* 332, alleged
that the plaintiff had a right of way to his premises, " for ingress and egress
with teams," &c. and that the defendant wrongfully erected a brick house in,
upon, and across the land over which the right of way was appurtenant, by
means of which the said way was, and is, entirely obstructed, and the plain-
tiff's freehold was thereby incommoded, and depreciated in value; *Held* that
the declaration was bad, for not alleging that the house was erected *on the
said way;* and for not alleging that the plaintiff's right of way *for ingress and
egress with teams,* was obstructed.

DEMURRER by the defendant to the plaintiff's declaration
in an action of nuisance, under 2 *R. S.* 332. The declaration
set out the plaintiff's title to the freehold of a certain lot, in
the village of Canton, in the county of St. Lawrence, describ-
ing it by metes and bounds, by virtue of a warranty deed from
Joseph and John L. Barnes, and which deed conveyed also
" the right of way to the rear of said premises," [viz. the lot
conveyed,] " for ingress and egress with teams, from Court-
house-street." The complaint was that the defendant in Octo-
ber, 1846, erected a house upon the land, over which the said
right of way so as aforesaid was appurtenant to the freehold
of the plaintiff, and had hitherto continued the same; by
means whereof, the said way was and is entirely obstructed,
and the freehold of the plaintiff greatly damaged, incommoded
and depreciated in value, and that the plaintiff was thereby
greatly annoyed in the enjoyment of his lot, which was to the
nuisance of his freehold, whereupon he prayed judgment that
the said nuisance might be removed, and that the plaintiff
recover a thousand dollars damages. The causes assigned
for the demurrer were, 1. That the declaration did not allege
an assize, view, or inquisition of the premises; 2. That it did
not allege by what right the plaintiff had the way, as appurte-
nant to the premises therein described, and 3. That it did not

Clark v. Storrs.

state any erection made by the defendant, upon the *freehold* of the plaintiff, nor on any *way* set forth in the declaration.

*Myers & Baldwin*, for the plaintiff.

*T. V. Russell*, for the defendant.

*By the Court*, WILLARD, J. I perceive no reason for the first objection, and the second is not supported by the facts. The third, therefore, is the one to which our attention should be directed. The conclusion of the declaration is not supported by the premises. The erection of a house on land over which a way passes, is not necessarily a nuisance to the freehold to which the road leads. It is not asserted that the erection was made upon the *way itself*. It is merely alleged that it was made upon the land, over which the right of way was appurtenant. The *way* may still be left open, and the declaration be true. The obstruction complained of may be an obstruction of a prospect or view, when passing along the way. It is not pretended that the "ingress and egress for teams," is at all impeded by the erection. For ought that appears to the contrary, the passage for them is still free and open. Unless the plaintiff can show that an erection of a house on a lot over which a way passes, is a nuisance, he cannot sustain this declaration. The lot of Barnes, the grantor of the right of way, over which lot the way passes, may be large and valuable. It may contain space enough for several houses, without encroaching upon the way. Must he leave it forever vacant because the plaintiff's prospect will be obstructed in passing over it, by the erection of buildings? This cannot be maintained; and yet to sustain the present action would lead to that result. I think the declaration is bad for this reason.

The form of this declaration seems to have been taken from one in case for obstructing a right of way. (2 *Chit. Pl.* 359.) But that declaration charges that the obstruction was placed *upon the way*. It is presumed no precedent can be found,

where a nuisance to a way is sought to be made out by an erection on the lot over which the way passes.

The remedies by assize of nuisance and *quod permittat prosternere* have been out of use in England for two or three centuries. (*King* v. *McNeal*, 1 *Denio*, 437.) The remedy by *quod permittat prosternere* was abolished by the act of 1787, if it ever existed here, (1 *R. L.* 86, § 5; 2 *R. S.* 332,) and the assize of nuisance was retained, at the late revision, in a modified form. Few cases of the latter action have been tried in this state, and none where the plaintiff has prevailed. It is an antiquated remedy, not adapted to modern manners, and should not be encouraged. We have other remedies more appropriate and efficacious, in which the rights of the respective parties can be better guarded than in this obsolete action.

The defendant is entitled to judgment on the demurrer, with leave for the plaintiff to amend on payment of costs.

---

SAME TERM.     *Before the same Justices.*