(96 App. Div. 130.)

## HADCOCK v. CITY OF GLOVERSVILLE.

(Supreme Court, Appellate Division, Third Department. June 30, 1904.)

1. NUISANCE—RELIEF—REMOVAL.

Under Code Civ. Proc. § 1662, providing that a judgment for plaintiff in an action for a nuisance may award him damages, or direct the removal of the nuisance, or both, the court is not bound to grant both classes of relief; but the nuisance being the pollution of a stream, participated in by others than defendant city, whose sewer enters the stream, and an injunction having already issued against it to cease such pollution, and the operation of such injunction having been suspended for a reasonable time to enable the city to comply therewith, and no lack of good faith in endeavoring to comply in a reasonable time with the injunction appearing, the court is justified in denying, in the action for the nuisance, the removal thereof, granting damages only.

Appeal from Trial Term, Fulton County.

Action by Mary Hadcock against the city of Gloversville. From so much of the judgment as adjudged that plaintiff was not entitled to judgment directing removal of a nuisance, plaintiff appeals. Affirmed.

The action is one for a nuisance. In the prayer for relief in the complaint the plaintiff demands judgment that the nuisance be removed, and that the plaintiff recover the damages caused by the nuisance. The trial resulted in a verdict directed by the court, that the defendant has maintained the nuisance as alleged in the complaint, and for such damages as the jury may determine plaintiff has suffered thereby. The jury assessed such damages at the sum of $8.32. The court denied the motion of the plaintiff's counsel to direct a verdict

that the plaintiff is entitled to have such nuisance removed, to which denial plaintiff excepted. The denial of that relief brings up the sole question for determination.

The nuisance alleged in the complaint was caused in part by the defendant's depositing the sewage from its sewer system into the Cayadutta creek, which caused an accumulation of noxious matters upon the premises of the plaintiff, from which foul and noxious odors arose, to the plaintiff's discomfort and damage. Plaintiff's premises are situated upon a canal located in the city of Johnstown, which taps such creek at a point about half a mile from her premises. The creek and canal in question are also polluted by the sewage of the city of Johnstown and by that of a large number of tanneries, so that at least two-thirds of the alleged nuisance arises from sources for which the defendant is not responsible.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Andrew J. Nellis, for appellant.

William A. McDonald, for respondent.

CHESTER, J. The theory of the appellant in support of her contention that she is entitled to a judgment directing the removal of the nuisance is that the action is one at law, and, the court having directed a verdict that the defendant was maintaining a nuisance, that she was entitled to the other relief demanded as a matter of course, that the court had no discretion in the matter, and therefore could not lawfully deny her that relief. Whatever force there may have been in this contention under the common law or under the writ of nuisance as it was continued under the Revised Statutes, it has no force under the Code of Civil Procedure. The Revised Statutes contained the following provisions:

"The common law remedy by writ of nuisance is retained as heretofore accustomed, subject to the provisions herein contained." 2 Rev. St. (1st Ed.) p. 332, pt. 3, c. 5, tit. 4, § 1.

"The judgment upon a writ of nuisance, in case the plaintiff shall prevail, shall be as heretofore accustomed, that the nuisance be removed, and that the plaintiff recover the damages occasioned thereby." 2 Rev. St. (1st Ed.) p. 333, pt. 3, c. 5, tit. 4, § 7.

But on the enactment of the Code of Procedure a radical change was wrought which abrogated the requirement that both classes of relief should be given in cases of this kind. By that Code it was provided in section 453 that "the writ of nuisance is abolished," and in section 454 that "injuries heretofore remedial by writ of nuisance are subjects of action, as other injuries, and in such action there may be judgment for damages, or for the removal of the nuisance, or both." These provisions, in substance, are continued in the Code of Civil Procedure, where it is provided in section 1660 that "an action for a nuisance may be maintained in any case, where such an action might have been maintained under the laws in force, immediately before this act takes effect," and in section 1662 that "a final judgment in favor of the plaintiff, may award him damages, or direct the removal of the nuisance, or both." In view of the fact that the writ of nuisance was never favored by the courts, and was regarded as antiquated and obsolete (Clark v. Storrs, 4 Barb. 562; Brown v. Woodworth, 5 Barb. 550; Ellsworth v. Putnam, 16 Barb.

568), the reasons for the change in law wrought by the Code of Procedure, and continued by the Code of Civil Procedure, are apparent. The effect of this change is to give the court the power either to award damages, or to remove the nuisance, or to grant both classes of relief, and this power is given in express and unambiguous terms, leaving no room for construction.

We think, too, that the court, under the circumstances of this case, wisely refrained from granting the relief contended for by the appellant upon this appeal. Neither the court below nor this court could be blind to the fact that the defendant, which is polluting this stream with its sewage, is now and was at the time of the trial under a mandatory injunction to cease such pollution, nor to the fact that because it was confronted with a difficult sanitary and engineering problem, requiring a considerable time for its proper solution, the court had exercised its discretion to suspend the operation of such injunction for a reasonable time in order to enable the defendant to comply therewith. Sammons v. City of Gloversville, 34 Misc. Rep. 459, 70 N. Y. Supp. 284, affirmed 67 App. Div. 628, 74 N. Y. Supp. 1145; Sammons v. City of Gloversville, 81 App. Div. 334, 81 N. Y. Supp. 466, affirmed 175 N. Y. 346, 67 N. E. 622; Warren v. City of Gloversville, 81 App. Div. 291, 80 N. Y. Supp. 912. Nothing appears in this record to show any lack of good faith on the part of the defendant in its endeavors to comply within a reasonable time with the injunction which has gone against it. Where a city of considerable size is confronted with such a problem, and where the immediate damming up of the sewers flowing into the Cayadutta creek would result in a great menace to the public health, and where the defendant alone is not the sole offender in polluting the stream, and in a case where an injunction has already run against the defendant to the same effect as the relief sought here, the court was fully justified, under the alternative power given to it by section 1662 of the Code of Civil Procedure, in denying so much of the relief as it did to the plaintiff in this case.

The judgment appealed from should be affirmed, with costs. All concur.