(46 Misc. Rep. 290.)

### SPONENBURG v. CITY OF GLOVERSVILLE.

(Supreme Court, Special Term, Fulton County. February, 1905.)

**1. INJUNCTION—VIOLATION—CONTEMPT BY CITY.**

Unless it clearly appears that a municipal corporation is acting in bad faith in not conforming to a judgment enjoining it from discharging sewage into a creek, it will not be adjudged guilty of contempt.

**2. SAME—SUSPENSION.**

Where an order of court suspending an injunction restraining a municipal corporation from discharging sewage into a creek was affirmed by the Appellate Division, and the common council of the city are proceeding with reasonable diligence and in good faith in carrying out plans to dispose of sewage in some other manner, a further suspension of the injunction for another year will be granted on payment of motion; costs and damages to be assessed to plaintiffs injured by such discharge.

Action by George H. Sponenburg against the city of Gloversville. Motions by defendant in this and 21 other similar actions for orders suspending injunctions restraining defendant from sewering into Cayadutta creek. Motion granted.

W. A. McDonald, for the motion.

M. D. Murray and Andrew J. Nellis, opposed.

SPENCER, J. The defendant makes 22 separate applications for orders suspending the operation of injunctive judgment provisions restraining the defendant from sewering into the Cayadutta creek. Similar applications were made a year ago, and the orders then granting the relief have received the attention of the Appellate Division of this court; and while that division has to some extent criticised the action then taken, I do not understand that it intended to hold that the burden was upon the defendant to establish its good faith, but that it simply expressed its opinion that from all the papers before the court the perfect good faith of the defendant's authorities did not appear. Sponenburg v. City of Gloversville, 96 App. Div. 157, 89 N. Y. Supp. 19.

In a case like this, where the defendant is a municipal corporation, under the government of a common council, I think good faith should be presumed; and the defendant will not be adjudged guilty of contempt unless it clearly appears that it is acting in bad faith, and seeking to evade the orders of the court. The manner and method by which the defendant shall dispose of its sewage are necessarily very much within the discretion of the common council, and such council should be left, I think, to the exercise of that discretion. The methods employed by them may not be those which the court would adopt if it were charged with that responsibility, but so long as they exercise reasonable diligence I think they should be permitted to carry out the plans which they have made, and

which they believe to be for the best interests of the municipality. There is certainly nothing in the papers before me which will justify my finding that the common council of the defendant are not proceeding with reasonable diligence and acting in perfect good faith.

The right to an injunction in cases of this character rests only upon an ancient legal fiction, and, if it were an original proposition, I think would be denied. The damages are in no sense permanent or irreparable. They may be readily assessed. A cessation of the use of the stream by the defendant for sewer purposes or a smart summer shower would dissipate every trace of injury. The situation therefore does not call for drastic measures. That this is the view of the Appellate Division is evidenced by its cheerful approbation of the refusal by this court to issue a mandate for the removal of the same nuisance complained of by a plaintiff in another action (Hadcock v. City of Gloversville, 96 App. Div. 130, 89 N. Y. Supp. 74), and decided at the same term of court as the Sponenburg Case.

The suggestions of the Appellate Division in respect to the assessment of damages is an important contribution to the law and history of these proceedings, and the orders now granted must strictly comply therewith. Neither of the parties have supplied the court with anything upon which it may intelligently act in that regard. I have therefore assessed the damages for the coming year by adopting the process employed last year, and have endeavored to meet the claim of the plaintiffs that the defendant's sewer system has been increased by information furnished to me by the defendant, but not within the record. If any of the parties are dissatisfied with the amounts so fixed by me, they may apply for a further hearing in such cases, so that the same may be equitably adjusted. Under the decision of the Appellate Division, as I understand it, the respective plaintiffs are not compelled to accept the assessment of damages fixed by the court, but may, by refusing to accept the same, have such other remedy as the court or the statute may provide.

Let orders be entered suspending the operation of the injunctions for another year, and requiring the defendant in each case to pay $10, costs of the motion, the damage to each plaintiff for the year of such suspension, together with a reasonable compensation to each plaintiff for the additions to the sewer system which have been made from the entry of the respective judgments to the expiration of the suspensions hereby granted.

Ordered accordingly.