THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELMER H. LEMON, Appellant and Respondent, *v.* MILDRED ELMORE et al., Defendants, and SALVATORE CAPARBO, Respondent and Appellant.

490

(Argued March 27, 1931; decided June 2, 1931.)

*Henry Hirschberg* for defendant, respondent and appellant. The statute is unconstitutional and void in that it permits the imposition of penalties and forfeitures without an ascertainment of the facts by jury trial. (*Colon* v. *Lisk*, 153 N. Y. 188; *Hudson* v. *Caryl*, 44 N. Y. 553; *Lipke* v. *Lederer*, 259 U. S. 557; *Regal Drug Corp.* v. *Wardell*, 260 U. S. 386; *Child Labor Tax Case*, 259 U. S. 20; *Helwig* v. *United States*, 188 U. S. 605; *O'Sullivan* v. *Felix*, 233 U. S. 318.) The statute is unconstitutional in that it confers jurisdiction to enforce the criminal law on a court of equity. (*Hedden* v. *Hand*, 90 N. J. Eq. 583; *State* v. *Uhrig*, 14 Mo. App. 413; *Attorney-General*

v. *Tudor Ice Cream Co.*, 104 Mass. 239; *Keeler* v. *State*, 82 Okla. 89; *Marshall* v. *Vicksburg*, 15 Wall. [U. S.] 146; *Matter of Sawyer*, 124 U. S. 200; *Boyd* v. *United States*, 116 U. S. 616; *Garnharts* v. *United States*, 16 Wall. [U. S.] 162; *Dobbins Dist.* v. *United States*, 96 U. S. 395; *Shawnee* v. *United States*, 249 Fed. Rep. 583; *Stuart* v. *Supervisors La Salle Co.*, 25 Am. Rep. 397; *Attorney-General* v. *Utica Ins. Co.*, 2 Johns. Ch. 370.)

*Franklin A. Schriver, District Attorney*, for plaintiff, appellant and respondent. The statute is not unconstitutional because it deprives the defendant of a jury trial. (*City of Rochester* v. *Guberlett*, 211 N. Y. 309; *McKenna* v. *Meehan*, 248 N. Y. 406; *Gregg* v. *People*, 65 Col. 390; *King* v. *Commonwealth*, 238 S. W. Rep. 373; *People* v. *McCadden*, 192 Pac. Rep. 325; *Matter of Love*, 205 App. Div. 363; *Colon* v. *Lisk*, 153 N. Y. 188; *Hudson* v. *Caryl*, 44 N. Y. 553; *People* v. *Vandewater*, 250 N. Y. 83; *United States* v. *Myers*, 215 App. Div. 624; *People ex rel. Thrasher* v. *Smith*, 275 Ill. 256; *Mugler* v. *Kansas*, 123 U. S. 623; *State ex rel. Wilcox* v. *Ryder*, 126 Minn. 95; *State ex rel. English* v. *Fanning*, 97 Neb. 224; *Chase* v. *Revere House*, 232 Mass. 88; *Pompano Horse Club* v. *State*, 111 So. Rep. 801.) The statute does not confer jurisdiction to enforce the criminal law on courts of equity and is not for this reason unconstitutional. (*McKenna* v. *Meehan*, 248 N. Y. 206; *Matter of Love*, 205 App. Div. 363; *City of Rochester* v. *Gutberlett*, 211 N. Y. 309; *Lawton* v. *Steele*, 119 N. Y. 226; *Mugler* v. *Kansas*, 123 U. S. 623; *King* v. *Commonwealth*, 238 S. W. Rep. 373; *Chase* v. *Revere House*, 232 Mass. 88; *Reale* v. *Judges of Superior Court*, 163 N. E. Rep. 893; *People ex rel. Thrasher* v. *Smith*, 275 Ill. 256; *State ex rel. Herigstad* v. *McCray*, 186 N. W. Rep. 280; *People* v. *McCaddon*, 192 Pac. Rep. 325; *United States* v. *Reinking*, 283 Fed. Rep. 855.) The judgment of the Appellate Division should be modified to impose the penalty tax

of $300. (*Hodge* v. *Muscatine County*, 196 U. S. 276; *State* v. *Jerome*, 141 Pac. Rep. 753; *State* v. *Stroup*, 155 N. W. Rep. 90.)

LEHMAN, J.   The defendant Caparbo is the owner of premises which have been used as a house of prostitution. In an action brought pursuant to the provisions of article 17-A of the Public Health Law (Cons. Laws, ch. 45), a judgment was rendered at Special Term enjoining the defendants from " conducting, maintaining, using, occupying or in any way permitting the use or occupancy of said premises and the building located thereon for the purpose of lewdness, assignation, prostitution, or as a disorderly house." In accordance with the command of the statute the judgment directed the sheriff " to effectually close the building located on said premises against its use for any purpose, and to keep the same closed for a period of one year, unless sooner released as provided by law," and imposes a " tax " of $300 upon the property.

The maintenance of a house of prostitution constitutes a public nuisance. An owner of adjoining property may complain that he has suffered special damage by the maintenance of such a nuisance which interferes with the legitimate use of his property and renders its occupation unfit or uncomfortable, and he may maintain an action in equity for an injunction. (*Cranford* v. *Tyrrell*, 128 N. Y. 341.) Whether in the absence of a statute an action in equity for an injunction might be maintained by a public officer in the public interest to abate such a nuisance is more doubtful. In *Attorney-General* v. *Utica Ins. Co.* (2 Johns. Ch. 371) Chancellor KENT has pointed out that courts of equity have interfered only rarely and in limited classes of cases " to put down a public nuisance which did not violate the rights of property, but only contravened the general policy." The Legislature, by article 17-A of the Public Health Law, has authorized a district attorney to bring actions to

enjoin the maintenance of a house of prostitution and has directed courts of equity upon sufficient proof to issue such an injunction and to direct the closing of the building where the nuisance was maintained. The power of the Legislature to authorize or direct such an equitable action to obtain such a judgment is challenged on the ground that it violates article 1, section 2, of the Constitution providing that " trial by jury in all cases in which it has been heretofore used shall remain inviolate forever."

At common law the issues of fact upon an assize of nuisance to abate the nuisance and to recover damages were tried by a jury. So, too, were tried all actions for forfeiture. The Legislature cannot deprive a defendant of a right to a trial by jury in such actions by authorizing a court of equity to take jurisdiction. (*Hudson* v. *Caryl*, 44 N. Y. 553; *Colon* v. *Lisk*, 153 N. Y. 188.) That is not what the Legislature has done here. Remedy by common-law action furnished incomplete protection against injury to the public interest by the maintenance of a public nuisance. Remedy by injunction at the suit of a person who had suffered special injury in his property rights furnished more adequate protection to those rights. The Legislature has determined that similar protection should be afforded to public rights. It did not deprive a defendant of his right to a jury trial in any action where jury trials had previously been the rule. It extended an equitable remedy in a field where courts of equity had been reluctant to interpose their powers. There never had been a right to trial by jury where the remedy for a wrong was through injunction. The Constitution makes inviolable trial by jury " in all cases in which it has been heretofore used." It does not restrict the Legislature from enlarging the scope of equitable remedies or require that a defendant shall have a right to trial by jury where no such right previously existed. The provision that the court shall direct the effectual

closing of the building for a year is not a forfeiture nor a penalty. It is imposed not because the owner of the premises has committed an offense, but because under his ownership a nuisance has been created by a person suffered to occupy the premises. It constitutes an appropriate means of definitely and completely ending the nuisance. Its character is established by the provision that if the owner, by filing a bond in the value of the property, gives assurance that " he will immediately abate said nuisance and prevent the same from being established, or kept therein within a period of one year " (§ 343-b), the court may, when satisfied of the good faith of the owner, cancel the order of abatement.

The same question has been presented in other jurisdictions by similar provisions in analogous statutes. The great weight of authority accords with the conclusion that an equitable remedy, provided in the public interest against the maintenance of a public nuisance, does not violate any right to a jury trial in " cases in which it has been heretofore used," even though previously the only remedy against such a nuisance was by a common-law action. To hold otherwise would in our opinion restrict the Legislature in a manner not contemplated by the framers of the State and Federal Constitutions.

We are told by the defendant-appellant that decisions upholding the padlock provisions of prohibition enforcement laws rest upon special considerations peculiar to that class of cases. (*Duignan* v. *United States*, 274 U. S. 195; *Grosfield* v. *United States*, 276 U. S. 474; *Kling* v. *United States*, 8 Fed. Rep. [2d] 730; certiorari denied, 46 Sup. Ct. 203.) The attempted distinction is of doubtful weight. Many other States have statutes with provisions concededly analogous to those now under consideration. Almost uniformly the courts have sustained these provisions. In some of these States the courts have held that even without a statute, a court of equity had general power to enjoin a public nuisance. Then

the contention that a Legislature may not confer or confirm such jurisdiction loses all force. ( *People ex rel. Thrasher* v. *Smith,* 275 Ill. 256.) Courts of equity have from ancient times exercised such jurisdiction, at least in some cases. ( *Mugler* v. *Kansas,* 123 U. S. 623.) Perhaps failure to exercise such jurisdiction, except in limited classes of cases, does not show that the courts might not, if they saw fit, exercise such jurisdiction generally. Even if the jurisdiction of courts of equity was limited, the Legislature would have power to enlarge that jurisdiction to cover those cases where remedy was otherwise inadequate. True, in *Hedden* v. *Hand* (90 N. J. Eq. 583, 593) the court said: " It is clear that if the legislature may bestow on the court of chancery jurisdiction to grant an injunction and abate a public nuisance of a purely criminal nature, then there can be no valid argument against the power of the legislature to confide the entire criminal code of this state to a court of equity for enforcement." Respect for that learned court impels us to give careful consideration to its words. Nevertheless, we think there is a clear line of demarcation between what the Legislature may do and what by constitutional limitation it is precluded from doing. That line of demarcation is indicated by Mr. Justice STORY in 2 Story, Equity Juris. (§§ 921 and 922), cited in *Mugler* v. *Kansas* ( *supra*). Courts of equity " can not only prevent nuisances that are threatened, and before irreparable mischief ensues, but arrest or abate those in progress, and, by perpetual injunction protect the public against them in the future; whereas courts of law can only reach existing nuisances, leaving future acts to be the subject of new prosecutions or proceedings." ( *Mugler* v. *Kansas, supra,* p. 673.) Punishment for past wrongs must be had by criminal prosecution. The Legislature cannot deprive a defendant of his right of trial by jury in a criminal prosecution by conferring criminal jurisdiction upon a court of equity.

Injunction against future wrong or the continuance of present wrong can be issued only by a court of equity. The Legislature does not confer criminal jurisdiction upon a court of equity by enlarging the scope of the remedy of injunction. (See *State ex rel. Wilcox* v. *Ryder*, 126 Minn. 95; *Gregg* v. *People*, 65 Col. 390; *Chase* v. *Proprietors of Revere House*, 232 Mass. 88; *Williams* v. *State*, 150 Ga. 480; *Dowda* v. *State*, 203 Ala. 441.)

Other objections are urged by the defendant-appellant against the constitutionality of the statute. We find them without substance. No provision has been made in the judgment for the sale of any property used in conducting the nuisance. We do not now consider whether those parts of the statute authorizing such sale are valid.

There remains only for consideration the provision of the statute requiring that " when a permanent injunction issues * * * there shall be imposed upon said building and the ground upon which the same is located and against the person or persons maintaining said nuisance and the owner or agent of said premises, a tax of three hundred dollars, which shall be known as a ' penalty tax.' The imposing of said tax shall be made by the court as a part of the judgment." (§ 343-w.) The Appellate Division has held that this " tax " is in effect a penalty and has modified the judgment by eliminating therefrom the imposition of a tax of $300.

It is urged that *Hodge* v. *Muscatine County* (196 U. S. 276, 279) is authority that the " penalty tax " is in true sense a tax. There the State of Iowa, in section 5006 of its Code, forbade in general terms the manufacture, sale, exchange or disposition of cigarettes or cigarette paper, and in section 5007 provided that " there shall be assessed a tax of three hundred dollars per annum against every person, partnership or corporation and upon the real property and the owner thereof, within or whereon any cigarettes * * * are sold or given away. * * * Such tax * * * shall be assessed, collected and

distributed in the same manner as the mulct liquor tax law, and shall be a perpetual lien upon all property used in connection with the business." The Supreme Court of the United States said that it would treat the charge as a " tax " and apply to the proceedings for its assessment and collection the standards of due process of law applicable to tax assessments.

In that case the charge was denominated a tax; here it is denominated a " penalty tax." There it was annually assessed by the regular tax assessors. Here it is imposed by the court, and only where a judgment is rendered in an equitable action. There the proceeds of the tax were to be distributed in the same manner as other taxes. Here twenty-five per centum of proceeds of the charge shall be paid to the attorney representing the State in the injunction action, and the remainder, after payment of certain costs, " shall be distributed in the same manner as fines collected for the keeping of houses of prostitution." (§ 343-z.) It seems to us that in view of these distinctions, the analogy becomes illusory. In the Iowa statute there was ground for a possible inference that the Legislature was seeking revenue for the State by the imposition of an added burden upon a traffic which it was at the same time seeking to suppress. Here no tax was assessed by tax officials upon the traffic but was imposed by a judgment of the court of equity as an integral part of a judgment suppressing the traffic. It is in effect a penalty for an offense, and its proceeds are treated in the same way as a fine. The Legislature, since the offense was committed, has amended the statute by eliminating those features from the statute which were evidently intended to give to a penalty the outward appearance of a tax. It still leaves the distribution of its proceeds as it was. Though the amendment to the statute has no application here, it sheds some light upon the true nature of the charge. That part of the statute

violates a right to trial by jury which the Constitution has declared shall remain inviolate. We look behind the form to the substance.

The judgment should be affirmed, without costs.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.