THE PEOPLE OF THE STATE OF NEW YORK, Appellant, and IRVING LANGMUIR et al., Interveners, Appellants, v. SYSTEM PROPERTIES, INC., et al., Respondents.

Third Department, May 3, 1944.

*Nathaniel L. Goldstein, Attorney-General* (*Donald C. Glenn* of counsel), for appellant, People of the State of New York.

*Richmond D. Moot,* attorney for appellants, Irving Langmuir and others.

*LeBoeuf & Lamb,* attorneys (*Lauman Martin* of counsel), for respondent System Properties, Inc.

*Breed, Abbott & Morgan,* attorneys (*Charles H. Tuttle* of counsel), for respondent Lake George Association.

SCHENCK, J. As originally instituted, this action was brought by the People against System Properties, Inc. (hereinafter called System) to compel the removal of a stone masonry dam alleged in the complaint to be maintained by the System in Ticonderoga River through which Lake George drains into Lake Champlain. The complaint alleges that, as a result of the maintenance of the dam, the waters of Lake George are raised to a higher level than would be the case under natural conditions, with consequent erosion and destruction of State-owned islands in Lake George which are alleged to be part of the Forest Preserve. Seven owners of property along the shore of Lake George have been permitted to intervene as plaintiffs and The Lake George Association, which

has taken no position with respect to the motion and order under review, has been added as a party defendant.

Issue having been joined by service of the intervening plaintiffs' reply on January 5, 1943, notes of issue for the Trial Term of the Supreme Court appointed to be held in Essex County commencing September 27, 1943, were served and filed by the People, by the intervening plaintiffs and by defendant The Lake George Association, it being stated in each note of issue that the action was triable by the court. Special Terms being held in conjunction with the Trial Terms in the Fourth Judicial District, the intervening plaintiffs served notice, in which the People joined, of a motion to be made at the Essex Special Term to be held on September 27, 1943, for an order settling for jury trial the following issues or questions of fact:

" 1. Does the dam of the defendant System Properties, Inc. impound the waters, causing abnormal water levels, in Lake George and flooding the Forest Preserve of the State of New York or the property of other plaintiffs?

" 2. Do waters at abnormal levels resulting from the maintenance and operation of the dam of the defendant System Properties, Inc. damage the Forest Preserve of the State of New York, or property of other plaintiffs? "

It is from the denial of such motion that these separate appeals have been taken.

As matter of first impression it might readily appear that the disposition of these appeals should turn upon the rule applied in *Cogswell* v. *N. Y., N. H. & H. R. R. Co.* (105 N. Y. 319), but that case, as Judge GRAY was at pains to point out in *Lynch* v. *M. E. R. Co. et al.* (129 N. Y. 274, 284), was one wherein the plaintiff sought both legal and equitable relief, the complaint therein having demanded judgment for damages and an abatement of a nuisance, together with an injunction against its continuance. Here, however, no money damages are sought, nor is equitable relief by way of injunction asked, but rather a mandatory direction by the court, in the nature of the ancient common-law assize of nuisance, that System remove the dam. Should a judgment for such removal be granted, compliance therewith would be enforcible by contempt proceedings under subdivision 1 of section 505 of the Civil Practice Act, which was derived from subdivision 1 of section 1241 of the Code of Civil Procedure. (*Heughes* v. *Galusha Stove Co.*, 122 App. Div. 118.) It is, therefore, an action *for* a nuisance, such as is authorized by section 529 of the Real Property Law, which is a substitute for

the old writ of nuisance (*Ellsworth* v. *Putnam,* 16 Barb. 565; *Hubbard* v. *Russell,* 24 Barb. 404, 410), and preserves the common-law right of action. (*Horne* v. *City of Buffalo,* 49 Hun 76, 78.) Section 529 of the Real Property Law consolidates in the four sentences thereof sections 1660 to 1663, which constituted article seventh of title I of chapter XIV of the Code of Civil Procedure. The development of those sections of the Code of Civil Procedure from the provisions of the Revised Statutes and of the Code of Procedure was traced by Mr. Justice CHESTER, writing for this court, in *Hadcock* v. *City of Gloversville* (96 App. Div. 130). An action brought under those sections of the Code of Civil Procedure was held by the Appellate Division in the fourth department to be an action at law, triable as of right by a jury under subdivision 2 of section 968 of the Code of Civil Procedure, and not to be an equitable action merely because the prayer for relief therein asked that the defendant be directed to remove the nuisance. (*Heughes* v. *Galusha Stove Co., supra.*)

Hence, plaintiffs are entitled as of right to a jury trial of the issues which, by their motion, they sought to have framed. (*Hudson* v. *Caryl,* 44 N. Y. 553; *People* v. *Metropolitan Telephone Co.,* 31 Hun 596, 600; *People ex rel. Lemon* v. *Elmore,* 256 N. Y. 489, 493.) The constitutional guarantee of such right (N. Y. Const. art. I, § 2) is recognized and secured to them by subdivision 2 of section 425 of the Civil Practice Act. (Formerly Code Civ. Pro. § 968, subd. 2.) In the view of the learned Special Term, however, plaintiffs had waived their right to a trial by jury through having failed to claim it in the respective notes of issue which they served and filed. But the answer is that their motions, having been made "before the production of any evidence upon the trial" (Civ. Prac. Act, § 426, subd. 4) were timely. (*Davis* v. *Morris,* 36 N. Y. 569, 572–573; *Hudson* v. *Caryl, supra,* at p. 555; *Colman et al.* v. *Dixon,* 50 N. Y. 572, 574; *Wheelock* v. *Lee,* 74 N. Y. 495, 500.) This not being an action wherein a trial by jury is within the discretion of the court, the limitation of time prescribed by rule 157 of the Rules of Civil Practice for making a motion to frame issues is inapplicable. (*Moot* v. *Moot,* 214 N. Y. 204, 210.)

The order should be reversed, with ten dollars costs and disbursements, and each motion granted, with ten dollars costs, such costs and disbursements to be paid by System to the People and a separate bill of costs and disbursements to the intervening plaintiffs.

HILL, P. J., BLISS and HEFFERNAN, JJ., concur; BREWSTER, J., dissents.

Order reversed on the law, with ten dollars costs and disbursements, and each motion granted, with ten dollars costs, such costs and disbursements to be paid by System Properties, Inc., to the People and a separate bill of costs and disbursements to the intervening plaintiffs.