THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS CURNIN, Appellant.— Motion to dismiss appeal denied. All concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HACKETT MARSHALL, Relator, against BLAKELY R. WEBSTER, as Superintendent of Dannemora State Hospital, Respondent.— Motion to appeal on typewritten record and brief. Motion granted. Motion to argue appeal at this term of court denied and argument set for the term commencing September 11, 1944. Order dismissing the writ of habeas corpus and remanding relator to the custody of the Superintendent of Dannemora State Hospital modified and the relator remanded to the custody of the Warden of Sing Sing Prison at Ossining. All concur.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, and IRVING LANGMUIR et al., Interveners, Appellants, v. SYSTEM PROPERTIES, INC., et al., Respondents. — Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted. The court hereby certifies the following question: Are the plaintiffs entitled as a matter of law to have the issues of fact in this case determined by the jury? [See 267 App. Div. 666.] All concur.

In the Matter of SOLOMON GANZ, Petitioner, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied, without costs. Motion for stay denied. [See 267 App. Div. 1011.] All concur.

In the Matter of the Claim of ARTHUR DAVIS, Respondent, against ST. MARY'S PARK REALTY & CONSTRUCTION COMPANY et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the employer and insurance carrier from a decision and award of the State Industrial Board awarding claimant eight and two-thirds weeks compensation at the rate of $15.92 per week and continuing the case. The appeal involves only the rate of compensation and its method of computation. Claimant was injured while working for the employer appellant under an arrangement whereby he worked only on Sundays, devoting the remainder of the week to his main employment by another employer wherein the injury in question occasioned him no disability. In said Sunday, one day per week, employment, his average earnings were $6.21. The decision appealed from fixed his rate of disability compensation under the latter part of subdivision 3 of section 14 of the Workmen's Compensation Law, viz., by determining his average annual earnings at 200 times his daily earnings which, divided by 52, established a fictional weekly wage of $23.89, two thirds of which was the rate awarded. This was over twice his actual earnings when considered as what he earned during the period of time measured by a week. We think that claimant's compensation is controlled by the minimum provided for by subdivision 6 of section 15 of said statute in that the arrangement for his wages and earnings in his employment when injured may be said to have been at the rate of less than $8 per week and that he is accordingly limited in compensation for his disability, which affects him solely therein, to his full earnings during such weekly period. The decision and award appealed from should be modified by reducing claimant's rate of compensation from $15.92 per week to $6.21 per week and as so modified affirmed, without costs. Decision and award appealed from modified by reducing claimant's rate of compensation from $15.92 per week to $6.21 per week and as so modified affirmed, without costs. All concur, except Bliss, J., who dissents.