■ In the Matter of CARL A. VERGARI, as District Attorney of Westchester County, Respondent, v. ANDREW MARCUS, Appellant.— In a proceeding pursuant to subdivision 4 of section 3353 of the Public Health Law to determine the forfeiture of an automobile, the owner thereof appeals from a judgment of the Supreme Court, Westchester County, dated October 17, 1968, which granted the petition. Judgment reversed, on the law, with costs; proceeding dismissed; and petitioner directed to return the automobile to appellant. The findings of fact below are affirmed. The automobile is a 1968 Chevrolet Corvette valued at approximately $6,000. The proceeding was based on the use thereof by the owner to transport a quantity of marijuana in violation of subdivision 1 of section 3353 of the Public Health Law. The 21-year-old owner of the automobile admits the facts for the purpose of this appeal. He has already pleaded guilty to one misdemeanor count in satisfaction of two indictments containing three criminal counts, arising out of his possession and sale of marijuana. No sentence has been imposed as yet. Appellant's attack here is on the constitutionality of the above-mentioned statute, which authorizes the forfeiture of this vehicle without a jury trial. Section 2 of article I of the New York State Constitution provides: " Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever ". In *Colon* v. *Lisk* (13 App. Div. 195, affd. 153 N. Y. 188) a statute similar to the one under attack here was declared unconstitutional for the reason advanced here, as well as for other constitutional infirmities (see, also, *People ex rel, Lemon* v. *Elmore,* 256 N. Y. 489; *Lawton* v. *Steele,* 119 N. Y. 226, affd. 152 U. S. 133). The principles expressed in those cases are still viable; they are applicable in the instant case to strike down the statute insofar as it authorizes the forfeiture of this vehicle without a jury trial. The automobile is not contraband; nor is it a nuisance

per se. Moreover, the additional penalty, effected by the use of this statutory procedure, may not fairly be imposed without the constitutional safeguard of a jury trial because there is no urgency or expediency that requires a summary disposition. There is no reasonable basis for permitting this legislation to eliminate the plain constitutional right set forth in section 2 of article I. Christ, Acting P. J., Brennan, Rabin, Benjamin and Martuscello, JJ., concur.