■ The People of the State of New York, Respondent, v Macbeth Realty Co., Inc., et al., Appellants.—Order, Supreme Court, New York County, entered February 14, 1978, granting preliminary injunction enjoining defendants from using or occupying the premises for any purpose and ordering that the premises be closed and vacated, is modified, on the law and the facts, and in the exercise of discretion, to the extent that the injunction against use or occupancy of the premises and the order to close the premises and to vacate the same shall be limited to the two rooms on the lobby floor behind the desk, and to any other rooms which are now vacant or may in the future during the pendency of this action become vacant, and defendants are restrained and enjoined during the pendency of this action from permitting the premises to be maintained as a public nuisance, i.e., used for the purpose of prostitution; and the order is other-

wise affirmed, without costs and without disbursements to either party. We think sufficient has been shown to warrant a preliminary injunction and closing order under sections C16-2.6 and C16-2.8 of the New York City Administrative Code and subdivision 5 of section 2321 of the Public Health Law. However, the premises are a hotel and insofar as appears the tenants of most of the rooms in the hotel have nothing to do with the prostitution and the hotel is their home, the hotel being used largely for single room occupancy. At least until such time as there is a final judgment, we think it would work an unjust hardship on such tenants to require them to leave their homes, the necessary effect of an order requiring the closing of the entire hotel. Accordingly, we are modifying the order appealed from so as to limit the closing order to the two rooms allegedly used for prostitution and rented several times in the course of one night, and any other rooms which are now vacant or may become vacant during the pendency of this action. Settle order on notice. Concur—Silverman and Sandler, JJ.; Kupferman, J. P., concurs in a memorandum, and Fein and Sullivan, JJ., dissent in separate memoranda, as follows: Kupferman, J. (concurring). While I concur in the opinion of the court, there are serious constitutional questions which must be considered. However, the statute as embodied in the New York City Administrative Code provides for an early hearing, and the order which we affirm provides for a trial "within three (3) days after joinder of issue". Further, the opinion of the majority ameliorates the effect of the deprivation of property rights in the event that the code provisions should be determined to be unconstitutional. The dissent adverts to the action in the United States District Court for the Sourthern District of New York (78 Civ 1223), in which a United States District Judge granted a preliminary injunction by order of April 7, 1978, to protect the tenants in the building who have no relation to the charge made against the hotel management. While the determination in the Federal court was, upon equitable principles, just and proper in restraining the enforcement of the overbroad aspects of the preliminary injunction granted in the State court, it was in violation of the abstention principles of *Younger v Harris* (401 US 37). The Federal court should not have intervened. (See, also, *Huffman v Pursue,* 420 US 592; *Juidice v Vail,* 430 US 327; *Steffel v Thompson,* 415 US 452; and *Hicks v Miranda,* 422 US 332.) Further, it would seem that the action of the Federal court contravenes the Anti-Injunction Act (US Code, tit 28, § 2283) which reads as follows: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." See in this connection *Vendo Co. v Lektro-Vend Corp.* (433 US 623). (Comment by Hassler "Vendo Co. v Lektro-Vend Corp.: One Step Forward, Two Steps Back", 44 Brooklyn L Rev 317.) Sullivan, J. (dissenting). The City of New York commenced this action to restrain the defendants from the maintenance and use of the Ridgefield Hotel, as a public nuisance. Specifically, the city contended that the subject premises, a five-story, multiple-dwelling occupied as a single-room-occupancy hotel, were being maintained for purposes of prostitution. The corporate defendant is the owner of the hotel and the individual defendant is the hotel manager and principal of the net lessee. The city moved, pursuant to CPLR 6301, subdivision 4 of section 2321 of the Public Health Law, and subdivision (a) of section C16-2.6 of the Administrative Code of the City of New York, for an order, *pendente lite,* restraining the defendants from conducting or permitting a nuisance to be maintained at the hotel. After a hearing, at which testimony was taken, Special Term, concluding that the "testimony

of the plaintiff's witnesses constitutes clear and convincing evidence of a continued pattern of prostitution at the premises", granted the injunction, and directed the city to close the building. The court based its decision on findings that the use of the premises constituted a nuisance both at common law and under the statutes, and that irreparable harm would flow from the "damage to the public welfare, order and safety, resulting from the continuation of the criminal conduct." The documentary evidence in support of the court's finding included four reports of arrests within the premises during the year preceeding the commencement of this action. Three of these arrests led to convictions for violations of section 230.00 of the Penal Law (prostitution) and one led to a conviction for a violation of section 240.20 of the Penal Law (disorderly conduct). Affidavits regarding the circumstances of the arrest were submitted by the officers involved. In each arrest the police officer was solicited on the street and led into the hotel where the arrest was made. The court also considered affidavits submitted by four persons who lived or worked in the vicinity, describing the social conditions brought about by the prostitution. One witness testified that there were two rooms behind the office on the lobby floor which were furnished as bedrooms but were apparently unoccupied. A police lieutenant testified that the desk clerk told him that these two rooms were rented "seven or eight different times" on one particular night. Other witnesses residing in the immediate vicinity testified that they saw women who appeared to be prostitutes take men into the hotel on numerous occasions. On the basis of this forceful evidence Special Term was justified in the issuance of a temporary restraining order. It should be noted that the statutes do not require an evidentiary hearing for the issuance of a temporary injunction. In rejecting a challenge to the constitutionality of then article 17-A of the Public Health Law (§§ 2320-2334), the Court of Appeals in *People ex rel. Lemon v Elmore* (256 NY 489) held that the maintenance of a house of prostitution is a public nuisance and that the authorization of an action to enjoin such a nuisance was a valid exercise of the legislative function. The defendants have already sought and been denied a stay of the hotel's closing from this court. Subsequent to that denial they moved in the United States District Court for the Southern District of New York, and were once more unsuccessful. At that point some of the hotel residents, represented, curiously enough by the same attorney who represents the defendants in this action, brought a class action and obtained the oft-sought stay of Special Term's order on the ground of undue hardship to the tenants, despite the protests of the city that it would relocate all the tenants in other welfare hotels. Notwithstanding the essentially transient nature of tenancies in a welfare hotel, the District Court noted that it wished to prevent the "uprooting of neighbor relations and community ties" to which the residents had become attached. Barring a vacatur of the District Court's restraining order, the injunction, *pendente lite,* obtained by the city to protect the community's interest in eliminating a statutory nuisance has been rendered inefficacious, at least at this juncture. Viewed realistically, this matter has for all intents and purposes been litigated and a finding of nuisance caused by prostitution has been made after an evidentiary hearing. In view of Special Term's finding it is unrealistic to believe that the problem of prostitution at the hotel can be arrested by the simple device of closing two rooms. Moreover it is even doubtful that this court's order can be enforced. Finally, the constitutional objection raised by the defendants—the infliction of penalties and forfeitures upon the owners without the benefit of a jury trial—has been discussed and discarded by the Court of Appeals *(People ex rel. Lemon v Elmore, supra.)* If

the public is to rely upon legislative enactments and court rulings, as well as the commitment of the city government to stabilize neighborhoods, this court should not readily set aside the order of Special Term and impose a meaningless restraint upon a certified public nuisance. Whereas the majority would close two doors (or more, as vacancies occur), I would close only one door, the front door. Accordingly, I would affirm the determination of Special Term. Fein, J. (concurring in dissent). I concur in the dissenting opinion of Justice Sullivan. However, I would add the following: The majority and concurring opinions place emphasis on the need for an early hearing, referring to the statutory mandate that a trial be had "within three (3) days after joinder of issue." However, it should be noted that the Justice at Special Term held an extended hearing prior to issuing the preliminary injunction. It was not issued on papers alone. For all that appears that hearing was as full and complete as a trial will be. If there is perceived to be a constitutional issue open to this court in the face of *People ex rel. Lemon v Elmore* (256 NY 489), we ought to deal with it now. A trial will add little by way of enlightenment. I agree with the comments in Justice Kupferman's concurrence that in issuing the temporary injunction on behalf of the tenants restraining the enforcement of the State court injunction, the Federal court violated the abstention principles of *Younger v Harris* (401 US 37) and the Anti-Injunction Act (US Code, tit 28, § 2283). We are thus faced with the anomaly of a building found to be a public nuisance because it is at least in part maintained as a house of prostitution, but which is nonetheless deemed appropriate as a residence for welfare tenants. While one arm of the city government, attempting to enforce the antiprostitution laws, seeks to have the building closed as a public nuisance, another arm of the city is paying the rent for the welfare tenants in the building who are represented by the attorney for the owners and "hotel" operator in an attempt to keep the building open. Such are the annals of the poor. I would affirm the determination of Special Term granting a preliminary injunction directing that the building be closed. Settle order on notice.