In the Matter of the Petition of THOMAS W. KINNEY, as Administrator de Bonis Non of the Estate of JOHN BOYLE, Deceased, Appellant.

MARY TREACY, Respondent.

**Surrogate's Court — trial — claim against decedent's estate — claimant who upon rejection of claim does nothing more until cited upon judicial settlement, more than three months thereafter, is not entitled to jury trial as matter of right.**

A claimant against a decedent's estate whose claim has been rejected by the administrator and who fails to commence an action thereon as provided in section 211 of the Surrogate's Court Act, but does nothing further until cited upon the judicial settlement of the administrator's accounts, is not entitled as a matter of right to a trial by jury of her claim. (*Matter of Beer*, 188 App. Div. 894; *Matter of Stein*, 200 App. Div. 726, overruled; *Matter of Beare*, 122 Misc. Rep. 519; affd., 214 App. Div. 723; *Matter of Woodward*, 188 App. Div. 888, approved.)

*Matter of Kinney*, 216 App. Div. 726, reversed.

(Argued April 6, 1926; decided May 4, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered February 11, 1926, which affirmed an order of the Kings County Surrogate's Court granting as of right a jury trial to determine the validity of the claim of Mary Treacy against the estate of John Boyle, deceased.

*John J. Fitzgerald* and *Avery F. Cushman* for appellant. The respondent has no constitutional right to a jury trial of her claim in this proceeding. (*Matter of Beare*, 122 Misc. Rep. 519; 214 App. Div. 723; *Matter of Woodward*, 105 Misc. Rep. 446; 188 App. Div. 888; *Matter of Harkness*, 119 Misc. Rep. 361; *Matter of Stark*, 118 Misc. Rep. 240; *Matter of Crook*, 119 Misc. Rep. 643; *Matter of Scovill*, 218 N. Y. 707; *Matter of White*, 100 Misc. Rep. 56; *Matter of Callahan*, 95 Misc. Rep. 438.)

*Harry H. Schutte* for respondent.   The respondent has a constitutional right to a jury trial of her claim in this proceeding.   (*Wheelock* v. *Lee,* 74 N. Y. 495; *Matter of Iovinella,* 166 App. Div. 460; *Matter of Beer,* 188 App. Div. 894; *Matter of Stein,* 200 App. Div. 726; *Matter of Scovill,* 218 N. Y. 707.)

McLAUGHLIN, J.   On February 15, 1917, one Mary Treacy presented a claim to the administrator *de bonis non* of the estate of John Boyle, deceased, for the sum of three thousand and twenty-two ($3,022) dollars for board, lodging, care and medical services alleged to have been furnished by her to the decedent.   On February 20, 1917, the claim was by him rejected, coupled with a statement in writing that the validity of such claim would be submitted for trial and determination on the judicial settlement of his account.   Nothing further was done until November 5, 1925, when the administrator *de bonis non* filed in the Surrogate's Court his account and asked for a judicial settlement of the same.   A citation was issued and among other persons cited was the claimant.   Upon the return of the citation she appeared by attorney, objected to the account, and asked that the validity of her claim be submitted to a jury for trial and that, for that purpose, certain questions be settled and a jury trial ordered.   The surrogate ordered that a jury trial be granted and that nine specific questions of fact be submitted to it.   The administrator *de bonis non* then moved for a reargument of the motion.   This motion was granted, but the surrogate adhered to his former decision and again ordered a jury trial " as of right " upon the issues involved in respect to the rejected claim.

An appeal was taken from this order to the Appellate Division, second department, where the same was unanimously affirmed.   The Appellate Division, however, upon motion of the administrator *de bonis non,* granted leave to appeal to this court and certified the following question:

" Is the respondent Mary Treacy, a claimant against the estate herein, entitled as a matter of right to a trial by a jury of her claim? "

I am of the opinion that the Appellate Division was wrong in holding that the claimant " as of right " was entitled to a jury trial. This seems to me to necessarily follow when the sections of the Surrogate's Court Act bearing upon the subject are considered.

Section 68 provides: " In any proceeding in which any controverted question of fact arises, of which any party has constitutional right of trial by jury,    *    *    * the surrogate must make an order directing the trial by jury of such controverted question of fact, if any party appearing in such proceeding seasonably demands the same    *    *    *."

Section 211 provides: " If the executor or administrator doubts the justice or validity of any claim presented to him, he shall serve a notice in writing upon the claimant that he rejects said claim, or some part of it, which he specifies. Unless the claimant shall commence an action for the recovery thereof against the executor or administrator within three months after the rejection, or, if no part of the debt is then due, within two months after a part thereof becomes due, said claimant, and all the persons claiming under him, are forever barred from maintaining such action, and in such case said claim shall be tried and determined upon the judicial settlement."

It is true that the Appellate Divisions of the second and fourth departments have held that claimants under facts quite similar to those presented in the present case were entitled as a matter of right to a jury trial. (*Matter of Beer*, 188 App. Div. 894; *Matter of Stein*, 200 App. Div. 726.)

The Appellate Division of the first department, however, has taken a different view. (*Matter of Beare*, 122 Misc. Rep. 519; affd., 214 App. Div. 723; *Matter of Woodward*, 188 App. Div. 888.) The rule laid down by

the first department has been uniformly followed, so far as I have been able to discover, by the different surrogates of New York county. (See opinion of FOLEY, S., in *Matter of Beare, supra,* and authorities there cited.)

The surrogate may, as a matter of discretion, order a jury trial. This he may do not as a matter of right to the claimant but simply and solely in the exercise of the discretion reposed in him. (*Matter of Scovill,* 218 N. Y. 707.)

The settlement of an administrator's account in some respects resembles an equity proceeding. It was not formerly recognizable at common law as to which there was and is no constitutional right to a jury trial. The surrogate is given jurisdiction of such settlement.

The statute gives an absolute right to a jury trial in a probate proceeding, but there is no such right as to a rejected claim. The difference between the two cases was doubtless due to the fact that the Legislature in making the enactment took into consideration the fact that a probate involving title to real estate was conclusive. In view of the finality in such proceedings, it undoubtedly was considered necessary to provide for a jury trial.

It will be observed that provision is made in the statute that where a claim is rejected, an action may be brought in the ordinary way and a jury trial had, if the claimant shall within three months after rejection commence an action for the recovery of the amount of the claim against the executor or administrator, or if the debt is not due, then two months after the same becomes due. And, unless an action be brought within the time specified, then according to the plain wording of the statute the claimant and all persons claiming under him shall forever be barred from maintaining said action and "in such case said claim shall be tried and determined upon the judicial settlement."

In the present case, the claim was presented on February 15, 1917, and rejected by the administrator *de bonis non* on the 20th of February following. The claimant did

not ask for a jury trial until more than seven years thereafter. She was never entitled to a jury trial, but if so she lost that right by her own delay. I do not believe the Legislature ever intended to confer the right upon a claimant against an estate to bring an action and if there defeated to demand and obtain another jury trial on the settlement of the administrator's account. It is to be observed that the claimant herself does not consider that the jury trial which she has demanded is for the purpose of determining that a specific sum of money is due. No general verdict of a jury is asked; on the contrary, answers to some nine questions which if answered by the jury in the affirmative might entitle the claimant to a specific amount if the trial judge saw fit to affirm such findings.

If the foregoing views be correct, then it follows that the order of the Appellate Division and decree of the Surrogate's Court should be reversed, with costs in all courts.

The question certified is answered in the negative.

HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ., concur.

Ordered accordingly.