In the Matter of the Claim of FRANK RAYMOND, Respondent, against THE ESTATE OF ANDREW DAVIS, Deceased. WILLIAM J. DOTY, as Administrator, etc., of ANDREW DAVIS, Deceased, Appellant.

Fourth Department, May 4, 1927.

**Executors and administrators — claim against estate by joint venturer of intestate — surrogate certified questions to County Court for trial by jury — jury trial was not matter of right and verdict was advisory only — Appellate Division has same right to disregard verdict as surrogate (Surrogate's Court Act, § 309) — verdict contrary to evidence as to amount of claim — amount of claim reduced.**

The surrogate certified certain questions for trial in the County Court on the petitioner's claim against the estate. The verdict was advisory only, and since the surrogate might have disregarded the verdict, the Appellate Division having all the powers of the surrogate (Surrogate's Court Act, § 309) may disregard the verdict.

The Appellate Division finds that the verdict of the jury was contrary to the weight of the evidence in respect to the amount of the petitioner's claim, that the claimant and the intestate were joint venturers, and reduces the claim presented by the petitioner in accordance with the facts proven.

APPEAL by William J. Doty from a decree of the Surrogate's Court of the county of Chautauqua, entered in the office of said Surrogate's Court on the 20th day of July, 1926, and from an order entered in the office of said Surrogate's Court on the 19th day of July, 1926, denying appellant's motion for a new trial, and also, as stated in the notice of appeal, from an order granted on the 24th day of September, 1923, referring claimant's claim to the County Court of the county of Chautauqua for a trial by jury.

*John Griffin,* for the appellant.

*Nelson J. Palmer,* for the respondent.

PER CURIAM. We have before us on this appeal the record of a third trial in respect to the validity and amount of a claim filed against an estate. Appeals from the previous trials are considered in *Matter of Raymond* v. *Kelly* (201 App. Div. 876; 202 id. 774); *Matter of Raymond* v. *Estate of Davis* (210 id. 320). The third trial was in the County Court before a jury upon questions certified by the surrogate. The jury trial was not a matter of right, and the verdict was advisory only. · (*Matter of Boyle,* 242 N. Y. 342.) As the surrogate, if dissatisfied with the jury verdict, could have disregarded the verdict and made his own determination, so may this court as it has all the power of the surrogate. (Surrogate's Court Act, § 309; *Matter of Burnham,* 234 N. Y. 475.) We have come to the conclusion that the verdict of the jury was contrary to the weight of the evidence in respect to the amount of the petitioner's claim. We find that the parties were joint adventurers, Raymond being entitled to one-third, and Davis to two-thirds of the profits of the adventure, and that upon the transfer of the real estate from Davis to the corporation Davis received stock having a value of $15,000 and $15,000 in cash, from which cash payment, however, he paid $10,000 for indebtedness properly chargeable to the joint adventure, leaving a net amount of $20,000 in his hands. Against this must be charged the purchase price of the Dunbar property and interest, $11,839.95, and the purchase price of the Bramer property with interest, $3,392. The net amount of property in the hands of the administrator — Raymond's third amounts to $1,589.35, on which interest runs from the date of the filing of the claim, November 19, 1919, and at the entry of the decree July 20, 1926, amounted to $635.74. The amount of petitioner's claim at the date of the decree in the Surrogate's Court, July 20, 1926, was $2,225.09. In addition the Bramer property may be retained by the petitioner free from any claim on the part of the personal representatives of Andrew Davis, deceased.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Decree modified by reducing the amount of the petitioner's claim as determined to the sum of $2,225.09 as of the date of the entry of the decree, July 20, 1926, and as so modified affirmed, together with the two orders appealed from, without costs of this appeal to either party. New findings of fact made.