In the Matter of the Estate of ANNA WALSH, Deceased.*

Surrogate's Court, Erie County, April 5, 1933.

[*Jacob Weissfeld*, for the petitioner.

*Barth & Ray* [*Vincent T. Ray* of counsel], for the respondents.

HART, S. The petitioner seeks a construction of a clause of the will hereinafter set forth; the respondents demand a jury trial.

The rule is now definitely settled that if the constitutional right to trial by jury inheres in the nature of the issue, such trial if seasonably demanded can be had in Surrogates' Courts, but if the matter is cognizant in equity then the right does not inhere. (*Matter of Cook*, 244 N. Y. 63; *Matter of Hamilton*, 220 App. Div. 536; *Matter of Boyle*, 242 N. Y. 342.)

Before the statutory enactment giving the surrogates power to construe a will, actions for a construction could be maintained only in courts of equity as ancillary to their jurisdiction over trusts. (*Chipman* v. *Montgomery*, 63 N. Y. 221; *Wager* v. *Wager*, 89 id. 161; *Matter of Coughlin*, 171 App. Div. 662.)

It was stated in *Matter of Erlanger* (136 Misc. 784, 787) by Surrogate FOLEY: " ' The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever.' This guaranty continues the right of trial by jury in any case where it existed immediately prior to the adoption of the Constitution. (*Wynehamer* v. *People*, 13 N. Y. 378, 427; *Colon* v. *Lisk*, 153 id. 188, 193; *Matter of Wendell* v. *Lavin*, 246 id. 115, 124.) It embraced those

* See, also, 146 Misc. 56.

cases in which the trial by jury was created or specifically prescribed by statute and those where such right was recognized by the common law. (*Matter of Reinhardt*, 92 Misc. 96.) It does not refer to particular cases but to ' classes of cases.' (*Sands* v. *Kimbark*, 27 N. Y. 147, 152.) In general, these various classes of cases in which a jury trial may be had as a matter of right are defined in the Civil Practice Act. These provisions were derived from the prior sections of the Code of Civil Procedure. Thus, section 425 of the Civil Practice Act contains the mandatory direction for a trial by jury in an action where the complaint demands judgment for a sum of money only, an action for ejectment, dower, waste, nuisance, or to recover a chattel. Other sections of the Civil Practice Act confer a right to jury trial in other forms of actions and special proceedings. None of these sections has any reference to the right of status involved in a probate proceeding or in an administration proceeding in the Surrogate's Court. The non-existence of such a right in the Surrogate's Court becomes clearer after a review of the history of the court. The origin, history, both colonial and State, and the statutory jurisdiction of the court may be found in the masterly opinions of Judge DALY in *Matter of Brick* (15 Abb. Pr. 12); of Surrogate FOWLER in *Matter of Connell* (75 Misc. 574) and *Matter of Martin* (80 id. 17); of Surrogate WINGATE in *Matter of Morris* (134 id. 374), and the excellent historical review contained in Jessup-Redfield Surrogate's Courts. (See, also, *Matter of Runk*, 200 N. Y. 447, 454, and *Anderson* v. *Anderson*, 112 id. 104.) All of these sources emphasize the derivation of the jurisdiction of the Surrogate's Court in the process of time from the Ecclesiastical Courts of England, where a jury trial was unknown. Review over the latter courts was exercised by the Court of Chancery, but never by the common-law tribunals."

The demand, therefore, by the respondents for a trial by jury is denied.

The clause of the will of the decedent involved in this proceeding is as follows:

" *Second.* I give, devise and bequeath unto my sister, Margaret T. Walsh my house, and lot, known as 108 Claremont Avenue, in the City of Buffalo, N. Y., together with any household goods, furniture or effects that may be in or about the same, for her use and benefit during her lifetime, and upon her decease, I give, devise and bequeath the same unto my nephews, Timothy Callahan, James Callahan and Thomas Fraser, or their survivors or survivor of them share and share alike."

At the date of the death of the testator, Anna Walsh, all of the legatees and devisees were living.

Thomas Fraser died prior to the death of Margaret T. Walsh, the life tenant. He had a vested remainder in the real estate and personal property which passed upon his death to Jeanette Fraser, his widow, and their children. (*Matter of Russell*, 168 N. Y. 169, 175; *Matter of Mahan*, 98 id. 372; *Matter of Woodruff*, 135 Misc. 203.)

In arriving at my conclusion as to the right of respondents to offer extrinsic evidence, although no effort was made to offer such proof, I am assuming that such was the intention of the respondents, and upon that assumption I am denying the right of the respondents in the light of the phraseology of the clause under construction to introduce such extrinsic evidence for the purpose of explaining the provisions of this clause.

No ambiguity is apparent from reading the will. The language is perfectly clear and certain, and under such circumstances extrinsic evidence is not admissible. (*Dwight* v. *Fancher*, 245 N. Y. 71; *Matter of Tamargo,* 220 id. 225; *Matter of Kavanagh*, 133 Misc. 399.)

Let a decree enter accordingly.