In the Matter of the Estate of ALEXANDER J. BLAIR, Deceased.

Surrogate's Court, Kings County, April 11, 1934.

*Wollman & Wollman* [*Aaron B. Coleman* of counsel], for the petitioner.

*Albert C. Kelly*, for the executrix, respondent.

WINGATE, S. The question presented is whether the respondent-executrix is entitled to a trial by jury of the issues raised by the pleadings herein. Petitioner is in possession of a certain certificate of membership in the New York Produce Exchange, issued in the name of decedent, but claimed by petitioner as his property. The prayer of the petition is that the respondent-executrix be required to execute to petitioner an assignment and a bill of sale thereof in order that petitioner may be enabled to cause a proper transfer of membership to be effected by the exchange. The answer filed by the respondent-executrix traverses petitioner's claim of ownership,

asserts title and right to possession in the estate, demands delivery thereof to her, and prays for a trial by jury.

"The rule is now definitely settled that if the constitutional right to trial by jury inheres in the nature of the issue, such trial if seasonably demanded can be had in Surrogates' Courts, but if the matter is cognizant in equity then the right does not inhere. (*Matter of Cook*, 244 N. Y. 63; *Matter of Hamilton*, 220 App. Div. 536; *Matter of Boyle*, 242 N. Y. 342.)" (*Matter of Walsh*, 147 Misc. 103.) It is true that the relief prayed by petitioner is equitable in nature. As the matter is presented to the court, however, on the pleadings, the granting of petitioner's application has become incidental to the determination of the issues raised by the answer of respondent-executrix, which issues, namely, the ownership and right to possession of the certificate, now constitute the main issues in the proceeding. The proceeding in its present form is essentially one in discovery, which under the present statute is substantially an action in replevin (Surr. Ct. Act, §§ 205, 206), wherein a trial by jury may be had upon reasonable demand as a matter of constitutional right. (*Matter of Wilson*, 252 N. Y. 155, 159; *Matter of Comfort*, 234 App. Div. 19; *Matter of Nutrizio*, 211 id. 8.) The fundamental nature of the proceeding and the constitutional right to a trial by jury is not affected by the fact that incidental equitable relief is also sought and may be granted.

"The court looks to substance and not to form." (*City of Syracuse* v. *Hogan*, 234 N. Y. 457, 461.) The application for a jury trial of the issues herein raised is granted. Submit order on notice framing the issues and directing a trial thereof at a Trial Term of the Supreme Court to be held within the county of Kings.