In the Matter of the Estate of MARY A. DOHERTY, Deceased.

Surrogate's Court, Kings County, May 4, 1935.

*Edward J. Reilly,* for the petitioner.

*Joseph A. Kennedy,* special guardian.

WINGATE, S.  The petition in this voluntary accounting by an administratrix includes, as among the statutory distributees, the name of " Walter Doherty (if living) Son, Address unknown." It also contains the following allegation: " That Walter Doherty, however, one of the next of kin of deceased, disappeared in or about the year 1913 and has not been heard of, or seen since, as more fully set forth in affidavits filed with the court in this proceeding.  That over twenty years have elapsed since said disappearance giving rise to the legal presumption that the said Walter Doherty predeceased the decedent herein."

The prayer of the petition seeks the judicial settlement of the accounts of the administratrix, that Walter Doherty be declared legally dead without issue, and that distribution be made to the other next of kin named.

Service of citation was made by publication. Upon its return, a special guardian was appointed to represent the interests of the absentee. He has interposed an answer, which, in substance, denies that the facts and circumstances alleged in respect to the absentee are sufficient to warrant an inference of death, and seeks a denial of the prayer of the petition that he be declared dead and that the assets of the estate be distributed *in toto* to the petitioner.

The petitioner has filed a demand for a trial by jury of the so-called issue of fact which is thus raised respecting the actual death of the absentee.

The provisions of section 68 of the Surrogate's Court Act make a trial by jury mandatory only in those cases in which a constitutional right to trial in this manner exists, although the surrogate possesses a discretionary right to direct such trial in any case.

Since the pertinent constitutional enactment (Art. 1, § 2) provides merely that " the trial by jury in all cases in which it has been heretofore used shall remain inviolate forever," resort must be had to judicial determinations to ascertain its extent.

It has been the uniform course of procedure since Colonial days to deny any right to jury trial in equitable proceedings (*McCarty* v. *Edwards*, 24 How. Pr. 236, 240; *McKenna* v. *Meehan*, 248 N. Y. 206, 214; *Brinckerhoff* v. *Bostwick*, 105 id. 567, 572; *Whiton* v. *Spring*, 74 id. 169, 174; *Magnolia Metal Co.* v. *Drew*, 68 App. Div. 47, 48; *Marshall* v. *de Cordova*, 26 id. 615, 619; *Hamilton* v. *Piza*, 8 id. 617), and this rule applies even where a legal counterclaim is interposed in such a proceeding. (*Matter of Blair*, 242 App. Div. 689; *Mackellar* v. *Rogers*, 109 N. Y. 468, 472; *Bennett* v. *Edison Elec. Ill. Co.*, 164 id. 131, 133; *Loewenthal* v. *Haines*, 160 App. Div. 503, 505.)

Any fiduciary in this court is in essence a trustee, and " the enforcement of trusts is a copious source of the jurisdiction of courts of equity." (*Sands* v. *Kimbark*, 27 N. Y. 147, 149.) As the Court of Appeals has observed (*Matter of Boyle*, 242 N. Y. 342, 345), " the settlement of an administrator's account in some respects resembles an equity proceeding. It was not formerly recognizable at common law as to which there was and is no constitutional right to a jury trial. The surrogate is given jurisdiction of such settlement."

The essence of the present proceeding being an equitable one for an accounting, no constitutional right to a jury trial exists. (*Matter of Boyle, supra; Matter of Stark*, 118 Misc. 240, 241; *Matter of Beare*, FOLEY, S., 122 id. 519, 520; affd., 214 App. Div. 723; *Matter of Meyer*, 148 Misc. 901, 902; *Matter of Smith*, 143 id. 653.)

The determination of identity of the distributees is merely incidental to the main relief sought, and is, in essence, merely a decision respecting status determinable by the surrogate alone. (*Matter of Cook*, 244 N. Y. 63, 72.)

Whereas the petitioner might conceivably have brought on the question of probate of heirship in an independent proceeding in which a trial by jury would be demandable (*Matter of Bringgold*, 204 App. Div. 101, 102), she elected to bring an equitable action and has thereby waived any constitutional rights which she might otherwise have possessed. (*Davison* v. *Associates of the Jersey Company*, 71 N. Y. 333, 340.)

Although no jury trial may be had as a matter of right, it is clearly allowable in the exercise of the sound discretion of the surrogate. (*Matter of Scovill*, 218 N. Y. 707.) The verdict in such case is, however, advisory only and in no wise binding on the surrogate. (*Matter of Raymond* v. *Davis*, 220 App. Div. 480, 481; revd. on other grounds, 248 N. Y. 67.)

The question for the determination of the court in respect to the exercise of its discretionary power accordingly resolves itself wholly into one of the propriety of the act under the particular circumstances disclosed.

In the present instance it would obviously be wholly futile. The pertinent facts are entirely undisputed. The determination, therefore, becomes wholly one of law as to whether these facts with the inferences reasonably deducible therefrom warrant the relief sought. (*Butler* v. *Mutual Life Ins. Co.*, 225 N. Y. 197, 204.) It would be the height of absurdity to submit such a question to a jury, particularly where, as here, the purely advisory nature of its verdict would necessitate its disregard if the court inclined to a different result.

It follows that the application for a trial by jury must be denied, with costs, both as a matter of right and discretion.

Enter order on notice.