In the Matter of the Estate of PHILLIPINE RATZ, Deceased.

Surrogate's Court, Westchester County, June 24, 1936.

*I. J. Beaudrias*, for the petitioner, Frieda A. Scheffmeyer.

*Maurice Chess [Robert P. Smith* of counsel], for Elsie O. Vadersen and Louise R. Bleezarde, individually, and as administratrices, and for William H. Ratz, as administrator.

SLATER, S. Frieda A. Scheffmeyer is the petitioner as well as one of the administratrices and a daughter of the decedent herein. The representatives of the estate are in possession of certain bank books which stood in the names of the decedent and the petitioner, or the survivor of them. The petitioner asks that the title to the moneys in the banks, represented by the pass books, be determined.

Three of the four administrators, the petitioner being the other one, answer the petition and set up the defense of fraud and undue influence, as well as a defense of an agreement that the deposit

should be shared equally by all the children, and also that the deposit was made for the convenience of the decedent.

In the answer the three administrators, as administrators and individually, demand a jury trial of the issues herein by virtue of their constitutional right.

The first question presented is whether the respondent administrators are entitled to a trial by jury of the issues raised by the pleadings herein. A matter arose in *Matter of Blair* (151 Misc. 192) upon similar facts. The Appellate Division modified the surrogate's decision and held that the fact that the administrators had interposed as a counterclaim a legal cause of action in an answer to what in effect was an equity suit, did not give rise to a right to a jury trial at common law. The appellate court held that, in the state of the pleadings, the executrix did not have a constitutional right of trial by jury so as to be entitled as of right under section 68 of the Surrogate's Court Act to a jury trial. The court further held that a jury trial might only be accorded under the pleadings by way of advising the surrogate in the exercise of his powers as an equity chancellor, and that the verdict of such a jury might be rejected or accepted as the surrogate thought best. (*Matter of Blair* [*Petition of Bryan*], 242 App. Div. 689.)

This rule of law has been followed in *Matter of Doherty* (155 Misc. 396) where Surrogate WINGATE said that " this rule applies even where a legal counterclaim is interposed in such a proceeding."

The court must follow the rule laid down in this department, and, upon these facts, deny the constitutional right of a trial by jury as claimed by respondents herein.

The case in all its aspects is one which can be disposed of properly by the court without the aid of a jury. (*Bookbinder* v. *Chase National Bank of New York*, 244 App. Div. 650, 653.) It becomes needless to have a trial with the aid of a jury whose verdict is merely advisory and may be rejected or accepted.