In the Matter of the Estate of FRANK LUDLAM, Deceased. (Two Proceedings.) NATHAN ZAUSMER et al., Individually and as Executors of FRANK A. LUDLAM, Deceased, et al., Appellants; EL RENA L. SCHOELLES, Respondent. (Consolidated Appeals.) — Consolidated appeals from two decrees of the Surrogate's Court, Nassau County, made on applications to fix an attorney's fee pursuant to section 209 of the Surrogate's Court Act for legal services rendered to the decedent prior to his death. The attorney is an executor of the decedent's estate and the attorney for the executors of such estate. Decree in the first proceeding dismissing petition for an order fixing compensation out of the combined 75% share of two named beneficiaries in accordance with an agreement of the interested parties and rejecting the claim, reversed on the law and the facts, without costs, the application granted, without costs, and matter remitted to the Surrogate's Court for the entry of a decree not inconsistent herewith. Decree in the second proceeding dismissing petition for fixation of compensation out of the 25% share of the remaining beneficiary reversed on the law and the facts, without costs, and matter remitted to the Surrogate's Court for determination of the value of the services rendered to the estate and fixation of proportionate compensation to be paid to claimant out of the share of such beneficiary. The court had jurisdiction to fix the compensation even though these applications are independent of a proceeding to settle the account of the executors. (*Matter of Marcellus*, 165 N. Y. 70, 75.) The agreement of the interested parties as to compensation to be paid from their respective shares is conclusive as to them. (*Ledyard* v. *Bull*, 119 N. Y. 62.) The fact that such agreement has been made as to some shares does not deprive the claimant of compensation from the shares of the other beneficiaries, proportioned to the value of the services rendered to the entire estate, as determined after an examination. (*Matter of Richardson*, 250 App. Div. 199.) Nolan, P. J., Wenzel, Schmidt and Murphy, JJ., concur. Adel, J., dissents and votes to affirm, with the following memorandum: I agree with the principal conclusion that the appellant Zausmer is not required to wait until an accounting to assert his claim against the estate. I prefer, however, to affirm without prejudice to a further proceeding by said appellant to prove his claim, which may be done in one proceeding. His claim is obviously against the estate and the proper proceeding is one to prove his claim. (Surrogate's Ct. Act, § 212.) The proceeding should not be split and decided by piecemeal orders. Said appellant is entitled to prove his claim which may, as alleged, have been the result of a contract with decedent, and he is not necessarily restricted to the reasonable value of the services rendered if a contract is established.