John D. Bennett, S.
This is an application for an order striking out a demand for a jury trial served by the respondent. One of the executors in this estate asserts a claim against the decedent for legal services rendered to him during his lifetime. Because of the requirements of subdivision 4 of section 212 of the Surrogate’s Court Act, he and his coexecutor instituted this proceeding under section 209 of the Surrogate’s Court Act, to prove the ‘ ‘ debt owing to him by the decedent ’ ’. As to this method of procedure the Appellate Division (Matter of Ludlam, 283 App. Div. 1111) held: “ The court had jurisdiction to fix the compensation even though these applications are independent of a proceeding to settle the account of the executors. (Matter of Marcellus, 165 N. Y. 70, 75.) ”
Two issues are presented: (1) Whether the respondent is entitled to a trial by jury as a matter of right; (2) whether, if the first question is answered in the negative, such a jury trial should be granted as a matter of discretion.
The first question raised must be answered in the negative. Section 68 of the Surrogate’s Court Act provides for a trial by jury in any proceeding where a party has a constitutional right of trial by jury.
The determination of the Appellate Division that this proceeding under section 209 may be separately brought renders it not unlike a proceeding under section 206-a which is “merely a method for advancing the date of hearing of an issue cognizable in an accounting proceeding”. (Matter of Leary, 175 Misc. 254, 257, affd. sub nom. Werner v. Reid, 260 App. Div. 1000, affd. 285 N. Y. 693.) In that case the court said (pp. 256-257): “All of the proceedings of this court are special proceedings. (Matter of Burrows [Prime], 283 N. Y. 540; Matter of Schoenewerg, 277 id. 424, 427.) The distinction is a *1070 governing one as the cited cases show. The presumption is that no jury trial of a special proceeding in this court is available to the parties unless specially provided by statute. (Matter of Pardee, [1933] 239 App. Div. 876; Matter of Popek, [1935] 157 Misc. 421, 423; and see Matter of Beare, 122 id. 519; affd., 214 App. Div. 723.) The first case just cited denied a jury trial in, an application under section 231-a of the Surrogate’s Court Act. In the second, a jury trial was denied in an application under section 216 of the Surrogate’s Court Act. In each case the petitioner sought a decree directing payment of money only.
“The results reached in the cases just cited are supported by the determination of the Court of Appeals in Matter of Boyle (242 N. Y. 342). There the court considered generally the operation of section 68 of the Surrogate’s Court Act and held that it did not give any constitutional right to a jury trial in matters concerned with the settlement of an administrator’s account even though the claimant against the estate might have gone to a common-law court and have there obtained a jury. On a demand for a jury trial of a claim as of right the surrogate’s order directing such trial and the Appellate Division order of affirmance were each reversed in an opinion in which note was made of the limitations upon jury trials as of right in the Surrogate’s Court. Note has already been taken that the proceeding under section 206-a of the Surrogate’s Court Act is merely a method for advancing the date of hearing of an issue cognizable in an accounting proceeding.”
Section 68 was recently discussed in Matter of Eckstein (143 N. Y. S. 2d 276, 277): “ All proceedings in the Surrogate’s Court are ‘special proceedings’ and the presumption is that no trial by jury is available unless provided by statute, Const. Art. 1, § 2; Matter of Leary’s Estate, 175 Misc. 254, 256, 23 N. Y. S. 2d 13, 14 affirmed, Werner v. Reid, 260 App. Div. 1000, 24 N. Y. S. 2d 1000, affirmed, 285 N. Y. 693, 34 N. E. 2d 383. Where a controverted question of fact arises, upon which any party has a ‘constitutional right of trial by jury’ the Surrogate must make ah order directing trial by jury if any party appearing in such proceeding makes a seasonable demand for it, Surrogate’s Ct. Act, § 68. The New York State Const. Art. 1, § 2, provides in part: ‘ Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provisions shall remain inviolate forever; * * V Trial by jury was unknown in Surrogate’s Court until statutory provisions were made for it, Matter of Morris, 134 Misc. 374, 235 N. Y. S. 461; Matter of Boyle’s Estate, 242 N. Y. 342, 345, 151 N. E. 821, 822. Where no constitutional right of trial by jury exists the *1071 Surrogate has discretionary power to grant it in which case the verdict of the jury is advisory only, Matter of Doherty’s Estate, 155 Misc. 396, 279 N. Y. S. 401.”
Section 209 and the applicable portion of section 211 are statutory substitutes for the common-law right of retainer which an executor had as to any debt that his decedent owed to him (see 144 A. L. R. 940, 943): “At common law an executor or administrator might, as against a creditor of equal or inferior degree, ‘ retain ’ assets of the estate in his hands, for a debt in his favor which had been incurred by the decedent in his lifetime, and this without proof of his claim, and without regard to other creditors.
“The modern statutory method (now in vogue in many American jurisdictions) of allowing a personal representative, owner of a pre-existing debt against his decedent, to pay himself out of assets only after proof and allowance of his claim appears to be an outgrowth of the common-law rule of retainer, but the term ‘ retainer ’ is seldom used in connection with a consideration of such modern procedure, which in many instances has been altered to a great extent.
“Discussing the common-law remedy of retainer of assets by an executor or administrator in payment of a debt due him by the decedent, the court, in Miller v. Irby (1879) 63 Ala. 477, infra, III c and d, said: ‘ Retainer is a remedy by mere operation of law, .and is thus explained and defined by Blackstone: “ If a person, indebted to another, makes his creditor, or debtee, his executor, or if such a creditor obtains letters of administration to his debtor, in these cases the law gives him a remedy for his debt, by allowing him to retain so much as will pay himself, before any other creditors whose debts are of equal degree. This is a remedy by the mere act of the law, and grounded upon this reason: that the executor cannot, without an apparent absurdity, commence a suit against himself, as a representative of the deceased, to recover that which is due to him in his own private capacity, but, having the whole personal estate in his hands, so much as is sufficient to answer his own demand is, by operation of law, applied to that particular purpose.” — 3 Blackstone 18. To constitute a retainer, and, of consequence, a satisfaction and extinguishment of the debt, there was no act to be done by the executor or administrator — no discretion, or volition, to be exercised by him; no election whether he would retain or not. The moment assets came to his possession which, in the due course of administration, were and could be legally applied to the payment of the debt, the law, of its own force, made the application. ’ ”
*1072 At common law the validity of an executor’s claim was determined on a final accounting: ‘1 Claims of Executor or Administrator. Except in the states where the statutes expressly require claims of an executor or administrator to be presented to the probate court for allowance or approval, the executor or administrator is not required to present his claim to himself or to'the probate court, but may retain for his debt and prove the validity of his claim on final accounting.” (8 Am. & Eng. Encyc. Law [2d ed.], p. 1072.)
No common-law right to a trial by jury applied to the representative’s application of the estate’s funds to his debt or if his debt was questioned, when he accounted. It follows that the present statutory requirement that a representative prove every debt owing to him by the decedent, whether in the account itself or incidental to his accounting certainly, therefore, would not enlarge or permit a jury trial as a matter of right (Matter of Boyle, 242 N. Y. 342).
It is urged by the respondent, however, that because there may be disputed questions of fact concerning the actions of an attorney, a jury trial should be granted as a matter of discretion, citing Matter of Satterlee (281 App. Div. 251, 254). The subsequent proceedings in that case following the Appellate Division’s direction for a jury trial are reviewed in the Court of Appeals decision (2 N Y 2d 285). Of particular interest here is the discussion in the dissenting opinion of Froessel, J. The facts in that bitterly contested probate proceeding are not similar to those present here. Further it does not follow that because an Appellate Division directed a trial by jury in one case involving an attorney, a jury trial should be directed in every contested matter in which an attorney is involved.
No persuasive facts have been presented which would justify the granting of a jury trial as a matter of discretion and the court so holds. The motion is granted.
Submit order on notice.