In the Matter of the Estate of John J. Garfield, Deceased. Phillips, Nizer, Benjamin, Krim & Ballon, Respondent; Roberta Garfield, as Executrix of John J. Garfield, Deceased, Appellant.

First Department, March 5, 1963.

*Sidney Elliot Cohn* of counsel (*Daniel W. Meyer* and *Ira Drogin* with him on the brief; *Boudin, Cohn & Glickstein*, attorneys), for appellant.

*Morton Freilicher* of counsel (*Louis Nizer* and *Jerome J. Wallner* with him on the brief; *Phillips, Nizer, Benjamin, Krim & Ballon*, attorneys), for respondent.

VALENTE, J. The narrow question posed by this appeal, whether an executrix has a constitutional right to a jury trial as to a creditor's claim in an accounting proceeding in the Surrogate's Court, has been settled by a long line of decisions that establish beyond all peradventure that no such right exists. In 1924, Surrogate FOLEY in *Matter of Beare* (122 Misc. 519, 520, affd. 214 App. Div. 723) said: "it has been the established law of this state for over 100 years that jury trials cannot be obtained *as of right* in accounting proceedings. Such proceedings are essentially equitable in their nature and equitable jurisdiction in them has been conferred by section 40 of the Surrogate's Court Act". The same conclusion was reached in *Matter of Boyle* (242 N. Y. 342) and *Matter of Woodward* (105 Misc. 446, affd. 188 App. Div. 888) cited with approval in *Matter of Boyle*. That there is no right to a jury trial in an accounting proceeding is also recognized by the leading texts in Surrogate's Court practice. (See 1 Jessup-Redfield, Surrogates Law and Practice [Rev. ed.], § 420, pp. 468–469; 1 Warren's Heaton, Surrogates' Courts [6th ed.], § 108[2h], pp. 705–706.)

It is urged that while a claimant is barred from demanding a jury trial as a matter of right in an accounting proceeding, an executor or administrator has that right. The rationale of *Boyle, Woodward* and *Beare* (*supra*) compels a rejection of any such distinction. It is not the nature of the claim which alone determines whether there shall be a jury trial but also the nature of the proceeding in which it is asserted. Since the claim herein is asserted in an accounting proceeding, which has always been considered as an equitable proceeding, no constitutional right to a jury trial exists for any of the parties.

*People ex rel. Lemon* v. *Elmore* (256 N. Y. 489, 493) cited in the dissenting opinion herein, clearly points out that although the Constitution makes inviolable trial by jury "in all cases in which it has been heretofore used", it does not "require that a defendant shall have a right to trial by jury where no such right previously existed". There never was, at any time, any right to trial by jury of a claim in an accounting proceeding in the Surrogate's Court. The Constitution did not preserve a nonexisting right.

Although there may be no right to a jury trial, the Surrogate has discretion under section 68 of the Surrogate's Court Act to order a jury trial. From the record herein, it appears that the denial of a jury trial was not made as a matter of discretion but because of the absence of a constitutional right. Hence, in affirming the order of the Surrogate, we do so without prejudice to any application by the executrix for a trial by jury as a matter of discretion.

The order should therefore be affirmed, with costs to all parties payable out of the estate, with leave, however, to appellant to apply to the Surrogate for a trial by jury as a matter of discretion.

STEUER, J. (dissenting). It would naturally follow that if the executrix takes advantage of the leave granted by the majority to apply to the Surrogate for a jury trial, and the latter orders such a trial as a matter of discretion, the question of whether a jury trial is a matter of right becomes, in this litigation, academic. Nevertheless, as I believe that trial by jury is, in the circumstances here presented, a matter of right and that the question has not been decided adversely to this view, nor even been determined as a necessary step in the course of decision, I cannot concur in the disposition made.

The petitioner-respondent is a firm of lawyers who have a claim for services against a decedent. Concededly, they have two means of seeking to enforce that claim. They could at their option sue in the Supreme Court or go into the Surrogate's Court and have the claim determined upon the judicial settlement of the executrix' account. They have elected the latter method, as it was in their sole discretion to do. Had they elected to sue in the Supreme Court, it is incontestable that the executrix could have demanded a jury as a matter of right. The issue is whether by electing to proceed in the Surrogate's Court, petitioner can deny her that right.

The Constitution of this State (art. I, § 2) guarantees the continuance of the right of trial by jury in all cases "in which

it has heretofore been guaranteed ''. There is no difficulty in determining what this means. In all actions known to the common law where jury trial was allowed it must continue to be allowed (*People ex rel. Lemon* v. *Elmore,* 256 N. Y. 489) ; in other cases the· Legislature may provide as it sees fit. Obviously, the relief sought here is to be had in an action which at common law was triable by jury. It follows that unless there is some exception taking this proceeding out of the general rules, neither the Legislature nor anyone else can deprive respondent of this right.

Admittedly, claims in equity were not triable by jury, and the Surrogate based his decision on the ground that the proceeding is equitable in nature. And with this the majority agrees upon the ground that it is not the nature of the claim that is determinative but the nature of the proceeding in which it is asserted. While in its naked entirety this might be a difficult proposition of law to maintain, in its context it can be supported. The issue therefore narrows down to whether section 211 of the Surrogate's Court Act denominates a proceeding.

It is submitted that it does not. The section merely provides the occasion on which a claim shall be determined. A very brief review of the history of practice in the Surrogate's Court makes this quite evident. Prior to 1895 the Surrogate had no jurisdiction to try claims against an estate (*Matter of Martin,* 211 N. Y. 328). Then he was given jurisdiction providing all parties consented (Code Civ. Pro., § 1822). Thus the procedure remained until 1914 when section 2681 of the Code of Civil Procedure, the predecessor of section 211 of the Surrogate's Court Act, was enacted. During all of this period executors were accounting and it was perforce recognized that while the results of claims against the estate must have been included in the account, the determination of the claim was no part of the accounting itself. It would also follow that before the executor could account, contested claims must have been determined. Section 211 and its predecessor merely provide a convenient method by allowing an adjudication in the same court and at a time immediately connected with the accounting. The section carefully preserves the existing procedure in the event a claimant does not care to take advantage of the alternate, and presumably more expeditious, method provided.

The question then arose whether a claimant had a right to a jury trial if he sought an adjudication in the Surrogate's Court. It was held that he did not (*Matter of Boyle,* 242 N. Y. 342). The holding in that case was that as a claimant had his choice of forums and could elect to bring his suit to the Supreme Court where his right to a jury trial was unchallenged, he could not be

said to be deprived of a jury trial if he elected to bring his suit elsewhere. The argument is that the Surrogate's Court Act does not in terms provide for a jury trial of claims against an estate, whereas it does in probate proceedings, and, as an alternate forum where a jury can be had as of right is provided for, the constitutional guarantee is not contravened. However, it cannot be questioned that in outlining the steps of this syllogism there are expressions which lend support to the position taken by the majority.

The court did not have before it the situation here — namely, where the demand for a jury comes from the executor.* The vital distinction is that the executor, being the defendant, has no choice of forum and no waiver of a jury trial can be spelled out. So unless there are other reasons why the constitutional guarantee should not be operative, it must apply. To say that the executor's accounting is equitable in nature is no answer, first, because the adjudication of the claim is not a part of the accounting proceeding, and, secondly, because an accounting proceeding is not equitable in nature. Of course, the phrase " equitable in nature " can mean practically whatever the writer wishes it to mean. Actually, the proceeding is an administrative step in the superintendence of estates which, during colonial days, was not lodged in courts at all but was a function of the Governor. It is true that he exercised the administrative functions through a body called the Prerogative Court, and his deputies in that body were called Surrogates. Later (1788) this became the Surrogate's Court (see *Malone* v. *Saints Peter and Paul's Church,* 172 N. Y. 269, 274). So historically and in its essence it is only equitable in that it is administered by a judicial officer who naturally sits without a jury.

The conclusion is that there is no compelling authority that directs the denial of the executrix' application and that an interpretation of the Surrogate's Court Act that would deny it would render the act to that extent unconstitutional.

The order should be reversed and the motion denied.

BREITEL, J. P., and EAGER, J., concur with VALENTE, J.; STEUER, J., dissents in opinion.

Order, entered on October 10, 1960, affirmed, with costs to all parties filing briefs payable out of the estate, with leave, however, to appellant to apply to the Surrogate for a trial by jury as a matter of discretion.

---

* Oddly enough, one of the cases cited in *Boyle—Matter of Beer* (188 App. Div. 894)—was a demand made by the administratrix but the opinion refers to it as being made on behalf of the claimant (*Boyle, supra,* p. 344).